IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| QUORUM SHOPPING CENTER, LTD, § | |
| § | |
| PLAINTIFF, § | |
| VS. § | CIVIL ACTION NO. 5:20-CV-00150 |
| § | |
| STATE AUTO PROPERTY AND § | |
| CASUALTY INSURANCE COMPONY § | |
| § | |
| DEFENDANT. § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Quorum Shopping Center LTD ("Quorum"), Plaintiff herein, files this First Amended Complaint against Defendant State Automobile Mutual Insurance Company ("State Auto") and, in support of its causes of action, would respectfully show the Court the following:

**I.
THE PARTIES**

1. Quorum is a company with a principal place of business in Ellis County, Texas and owns the property that is the subject of this lawsuit, which is located in Lubbock County, Texas.

2. State Automobile Mutual Insurance Company an insurance company doing business in the State of Texas. Defendant was misidentified in the underlying state court action prior to removal as State Auto Property & Casualty Insurance Company. However, State Automobile Mutual Insurance Company has received notice of the action such that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for the mistake concerning State Auto's identity.

1

## II.
## JURISDICTION AND VENUE

3.     This court has subject matter jurisdiction of this lawsuit under 28 U.S.C. §§ 1332(a). All parties to this civil action are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4.     Venue is proper in this District because all or a substantial part of the events or omissions giving rise to the claim occurred in Lubbock County located within this federal district.

## III.
## FACTUAL BACKGROUND

5.     Quorum is a named insured under a property insurance policy issued by State Auto. The policy provides coverage for storm damage to a shopping center owned by Quorum.

6.     On or about June 30, 2017 a storm hit the Lubbock, TX area, damaging Quorum's property covered under the policy. Quorum subsequently filed a claim on its insurance policy on or about April 16, 2018.

7.     Defendant improperly denied and/or underpaid the claim. Defendant assigned adjuster Natalie Thomas to the claim.

8.     Sometime on or about May 18, 2018, State Auto retained David Teasdale, PE of HAAG Engineering to evaluate the extent of damage. Mr. Teasdale acknowledged a hail event had occurred and that it had damaged the property.

9.     Based on Mr. Teasdale's findings, State Auto and Ms. Thomas notified Quorum on June 4, 2018 that it was partially denying the claim. State Auto further informed Quorum that for covered storm damage, it would pay only $6,331.27 after deducting depreciation and the $10,000 deductible. The letter further informed Quorum that excluded perils such as wear and tear,

decay, deterioration, settling, cracking, shrinking or expansion had damaged the majority of the building. With respect to these perils, State Auto denied the claim.

10. State Auto performed an outcome oriented investigation of the claim. In February, 2018, and prior to State Auto's adjustment, Quorum hired Kerry Freeman, a public adjuster. During David Teasdale's May, 2018 inspection of the property, Mr. Freeman showed Mr. Teasdale numerous items damaged by recent hail. This included the built up roof membrane and parapets.

11. Mr. Teasdale and HAAG engineering, however, had been hired to preclude coverage for these otherwise covered items. At State Auto's direction, Mr. Teasdale ignored Mr. Freeman's presentation of clear evidence of hail damage to multiple areas of the property in order to further State Auto's outcome-oriented adjustment whereby State Auto could avoid paying policy benefits.

12. State Auto and Natalie Thomas conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

13. This unreasonable investigation led to the underpayment of Quorum's claim.

14. Moreover, State Auto performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

**IV.**
**CAUSES OF ACTION**

15. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.**     **Breach of Contract**

16. State Auto had a contract of insurance with Plaintiff. State Auto breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

17. The failure of State Auto to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

18. State Auto failed to advise Quorum of the notice or acceptance of the claim under 542.056. By notifying Quorum on June 4, 2018, State Auto failed to notify its claimant in writing of the acceptance or rejection of the claim not later than the 15th business day upon which it had all items, statements, and forms required to secure final proof of loss.

19. State Auto further violated Section 542.058 by failing to pay full policy benefits within 60 days of having received all items, statements, and forms reasonably requested and required under Section 542.055.

20. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

21. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated Section 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant violated Section 541.060 by:

   (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

25. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

26. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.   Attorneys' Fees**

27. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

28. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because it is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting  causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

30. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Quorum prays that, upon final hearing of the case,  recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that  Quorum be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which  Quorum may show  to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *James Winston Willis*
James W. Willis
TBA No. 24088654
jwillis@dalyblack.com
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
QUORUM SHOPPING CENTER LTD**

*AND*

**LAW OFFICE OF ELIZABETH G. HILL**

Elizabeth G. Hill
State Bar No. 24083179
**LAW OFFICES OF ELIZABETH G. HILL**
8008 Slide Rd., Suite 33
Lubbock, Texas 79424
Telephone: (806) 698-8437
Facsimile: (806) 771-2008
elizabeth@eghlawoffice.com

**LOCAL COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, a true and correct copy of the foregoing document was sent via email, to all counsel listed below in accordance with the Federal Rules of Civil Procedure.

Patrick M. Kemp
Robert G. Wall
Ethan D. Carlyle
SEGAL MCCAMBRIDGE SINGER & MAHONEY
100 Congress Avenue, Suite 800
Austin, Texas 78701
Tel: (512) 476-7834
Fax: (512) 476-7832
pkemp@smsm.com
rwall@smsm.com
ecarlyle@smsm.com
**ATTORNEYS FOR DEFENDANT**

By: */s/ James Winston Willis*
       James Winston Willis